UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY KRUSE,

       Plaintiff,                                             Hon. Paul L. Maloney

v.                                                           Case No. 1:23-cv-330

KAROLYN RILLEMA, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pro se Plaintiff Gregory Kruse filed his complaint in this action on March 30, 2023, against Defendants Karolyn Rillema, Fruitland Township's designated coordinator under Michigan's Freedom of Information Act (FOIA), and Fruitland Township. The caption of Kruse's complaint contains the following statements: (1) "Fourteenth Amendment equal protection under the law"; (2) 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights, Title 18 U.S.C., Section 242"; and (3) Freedom of Information Act[,] Act 442 of 1976." Because Kruse and Defendants are citizens of Michigan, and the complaint contains no allegations indicating that the jurisdictional threshold is met, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332(a) in this action.

Presently before me is Defendants' Motion to Dismiss. (ECF 8.) Kruse has filed a response. (ECF No. 16.) Defendants did not reply.

Having fully reviewed the motion, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion as to all federal claims and dismiss them with prejudice. I further recommend that, to the extent Kruse alleges state-law claims, the Court dismiss them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### I.  Background

Kruse's allegations are somewhat rambling and at times difficult to follow. It appears that he has resided in the Township for more than 25 years and has had various issues with the Township and its elected Board of Trustees during this time. Kruse has made several FOIA requests to the Township, beginning as early as July 1, 2015. (ECF No. 1 at PgeID.6.) Kruse alleges that on July 1, 2015, he sent an email to the Township assessor seeking a copy of the Economic Conditional Factor neighborhood survey conducted for his homestead in the year 2012. He alleges that instead of sending him the requested map, the assessor referred the request to the Township supervisor, who classified the request as a FOIA request and demanded "exorbitant fees" for the information. (*Id.* at PageID.1–2.) Beginning in November 2016 and continuing through January 2021, Kruse made a series of FOIA requests to the Township for various documents. Each time, Defendant Rillema (and her predecessor, non-Defendant Breann Fagen), denied those requests because Kruse allegedly owed $16.37 in outstanding FOIA fees dating back to July 2015. (*Id.* at PageID.4–10; ECF No. 1-11 at PageID.51.)

Apart from his denied FOIA requests, Kruse alleges that certain Township officials directed "hate and animosity" towards him and other residents, including Mr. and Mrs. Jefferson Henry. Kruse continues on to describe a 2019 building permit dispute he had with the Township, as well a dispute that the Henrys had with the Township regarding Building Code compliance. (*Id.* at PageID.13–16.) Kruse also mentions a court proceeding involving the Henrys and the Township before 60th District Court Judge Maria Ladas Hoopes, which was dismissed either by the court or voluntarily by the Township. (*Id.* at PageID.16–17.)

Next, Kruse refers to a September 2013 incident in which he was cited for placing tree branches on his property which, according to the Township Supervisor, constituted a fence under

the Township's zoning ordinance. Kruse received a citation, which 60th District Court Judge Harold Closz dismissed. (*Id.* at PageID.18–19.) Kruse also mentions an April 2014 incident in which Kruse videotaped a Township official driving slowly back and forth in front of Kruse's residence, and a November 2015 incident in which the same official called the 911 dispatch to report that Kruse was "in the building causing problems." (*Id.* at PageID.21.)

## II.  Motion Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial

> experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Kruse is proceeding pro se, the Court must construe his pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

Kruse's legal claims appear to be set forth from pages 21 to 25 of his complaint, but it is difficult to discern exactly what claims he intends to allege because most of these allegations are simply recitations of the law. (*Id.* at PageID.21–25.) Defendants contend that Kruse does not allege any plausible federal claim. First, they argue that Kruse does not allege a plausible procedural due process claim because he does not allege that he was deprived of a property interest. They further contend that Kruse fails plausibly to allege a substantive due process claim because his conclusory allegations do not come close to alleging conscience-shocking behavior. (ECF No. 9 at PageID.79–80.) Defendants also point out that Kruse alleges no facts supporting a municipal liability claim against the Township under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*Id.* at

4

PageID.9.) Kruse does not respond to any of these arguments in his response. Thus, he has waived any opposition to these aspects of Defendants' motion. *See Scott v. Tennessee*, No. 88–6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion") (citing *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd* 577 F.2d 740 (6th Cir. 1978)); *Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.") (citing *Resnick v. Patton*, 258 F. App'x 789, 790–91 n.1 (6th Cir. 2007)).

In any event, having reviewed the complaint, I conclude that Kruse fails to plausibly allege either a procedural or a substantive due process claim for the reasons Defendants put forth. Likewise, the complaint is devoid of any allegation suggesting that a Township policy or custom was the driving force behind any alleged constitutional violation.[1]  *Monell*, 436 U.S. at 694.

In addition, to the extent Kruse contends that Defendants' alleged Michigan FOIA violations amount to a constitutional violation under 42 U.S.C. § 1983, he fails to state a claim because violation of a state law, such as Michigan's FOIA, does not give rise to a constitutional violation. *See Richardson v. Twp of Brady*, 218 F.3d 508, 517–18 (6th Cir. 2000) (holding that a

---

[1] Kruse's reference to 18 U.S.C. § 242 in the caption of his complaint does not suggest a claim because the statute is a criminal statute that provides no private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claim pursuant to Section 242 because there is no private right of action under this criminal statute); *Selmon-Austin v. Wells Fargo Bank*, No. 2:21-cv-02724, 2022 WL 3337274, at *5 (W.D. Tenn. May 4, 2022), *report and recommendation adopted*, 2022 WL 18141470 (W.D. Tenn. Sept. 7, 2022) ("The plain language of Sections 241, 242, and 245 reveals that they each are criminal statutes that do not provide for a private right of action."); *Weathers v. Holland Police Dep't*, No. 1:13CV1349, 2015 WL 357058, at *2–3 (W.D. Mich. Jan. 27, 2015) ("This Court has long held that individuals cannot claim monetary damages arising from alleged violations of 18 U.S.C. §§ 241 and 242.") (citing *Horn v. Peck*, 130 F. Supp. 536 (W.D. Mich. 1955)).

plaintiff "can have no protected property interest in the [state law] procedure itself"); *Schildt v. Crawford Cnty. Sheriff's Office*, No. 2:16-CV-02218, 2016 WL 6997079, at *1 (W.D. Ark. Nov. 29, 2016) ("Violation of the Arkansas FOIA is not cognizable under § 1983."); *Elfers v. Varnau*, 101 F. Supp. 3d 753, 762 (S.D. Ohio 2015) (stating that "as this Court has recognized, a violation of Ohio law is insufficient to establish a substantive due process violation") (collecting cases).

In his response, Kruse identifies one potential constitutional claim. That is, he appears to allege, under a class-of-one theory, that the Township violated his right to equal protection when it treated his July 1, 2015 request for an Economic Condition Factor map as a FOIA request and required "exorbitant fees" (apparently $4.36 (ECF No. 1 at PageID.6; ECF No. 1-7 at PageID.36)), whereas such information is free to all other residents. (ECF No. 16 at PageID.102.)

Even if Kruse had sufficiently alleged a class-of-one equal protection claim, as Defendants note, such a claim is barred by Michigan's three-year statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims raised in lawsuits brought pursuant to Section 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Section 1983 civil rights actions are governed by the state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For such actions in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claims for relief is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis for the action. *Collyer*, 98 F.3d at 220. Because Kruse filed his complaint on March 30, 2023, all claims accruing before March 30, 2020 are time-barred. Here, Kruse knew no later than July 20, 2015, that his request for the Economic Condition Factor map was being treated as a

FOIA request. (ECF No. 1 at PageID.2.) Thus, this claim is clearly barred by the three-year limitations period. The same is true for any other claim that Kruse may assert arising before March 30, 2020.[2] Because the only potential claims arising after this date concern state-law FOIA violations, Kruse has failed to assert a timely federal claim.

This leaves only Kruse's state-law FOIA claims. Although Kruse does not expressly invoke the Court's supplemental jurisdiction over these claims, that is the only possible basis for jurisdiction over them. If the Court agrees with the foregoing recommendation to dismiss all of the federal claims, I further recommend that it exercise its discretion to decline supplemental jurisdiction and dismiss the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Generally, the Court should decline to hear state-law claims when all federal claims are dismissed before trial. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (citing *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, the litigation was just commenced, and Kruse may properly pursue his remaining claims in state court. *See Kelly v. City of New Philadelphia*, No. 5:20-cv-211, 2020 WL 2126665, at *3 (N.D. Ohio May 5, 2020) (declining to exercise supplemental jurisdiction where all of the federal claims were dismissed "at this early stage of litigation").

---

[2] Kruse does not contend that any tolling principle or doctrine applies to save his untimely claims, and nothing in his complaint indicates that a basis exists to toll the limitations period.

7

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **grant** Defendants' Motion to Dismiss (ECF No. 8) and dismiss his federal claims **with prejudice** and his state-law claims **without prejudice**.

Dated: June 15, 2023                                                              /s/ Sally J. Berens
                                                                                              SALLY J. BERENS
                                                                                              U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).