UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY KRUSE, )<br>        Plaintiff, )<br>v.                                                                )<br>                                                                       )<br>                                                                       )<br>KAROLYN RILLEMA, *et al.*, )<br>        Defendants. )<br>_____ ) | No. 1:23-cv-330<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter has been referred to the Honorable Sally J. Berens, United States Magistrate Judge, pursuant to 28 U.S.C. § 636. Plaintiff Gregory Kruse, proceeding *pro se*, raises claims arising out of the denial of several FOIA requests to Fruitland Township ("the Township"). He sued the Township and its FOIA Coordinator, Karolyn Rillema. Defendants moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 8). After the motion to dismiss was fully briefed, Judge Berens issued a report & recommendation ("R&R") recommending this Court dismiss Plaintiff's federal claims with prejudice for failure to state a claim, decline to exercise jurisdiction over Plaintiff's state-law claims, and dismiss the state-law claims without prejudice (*see* ECF No. 18). Plaintiff was given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and he subsequently filed an objection (ECF No. 19). Because Plaintiff's complaint fails to state a claim under federal law and the Court declines to exercise jurisdiction over the state-law claims, the Court will adopt the R&R and terminate this matter.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff pleads that, since July 2015, he has made several FOIA requests to the Township. In response, the Township requested "exorbitant fees" to provide the requested documents. From then until January 2021, Plaintiff alleges that all of his FOIA requests were denied because Plaintiff owed $16.37 in outstanding FOIA fees dating back to July 2015. The caption of Plaintiff's complaint contains the following statements: (1) "Fourteenth Amendment equal protection under the law"; (2) 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights, Title 18 U.S.C., Section 242"; and (3) Freedom of Information Act[,] Act 442 of 1976." (ECF No. 1 at PageID.1).

The Magistrate Judge recommended dismissing Plaintiff's federal claims because (1) he failed to meaningfully respond to the arguments raised in Defendants' motion to dismiss, waiving any arguments in opposition; (2) he failed to plausibly plead any constitutional or federal claims; and (3) the "class-of-one equal protection" claim, raised in his response to the

2

motion to dismiss, is barred by the applicable statute of limitations (*see* ECF No. 18). In his objection to the R&R, Plaintiff fails to address any of these shortcomings in his complaint (*see* ECF No. 19). Instead, he merely reiterates that he "is a 'class of one' by denying [a] copy of public record[s] on March 30, 2020 guaranteed by right solely based on demanded 'exorbitant fees' dated July 01, 2015. . . ." (*Id.* at PageID.116). His objection then proceeds to provide a copied and pasted summary of *Willowbrook v. Olech*, 528 U.S. 562 (2000), which established the "class-of-one" theory under the Equal Protection Clause.

Plaintiff has failed to raise a specific objection within the meaning of Fed. R. Civ. P. 72(b)(2) that would allow his case to proceed. Putting aside the fact that Plaintiff's complaint did not properly plead a claim under the Equal Protection "class-of-one" theory, *see TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005) ("The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than other similarly situated without any rational basis for the difference."), he also failed to address the R&R's discussion on why this claim would be barred by the statute of limitations even if it was properly pleaded (*see* ECF No. 18 at PageID.11-14). Plaintiff has failed to state a claim under federal law. Thus, the Court will dismiss the federal claims and decline to exercise jurisdiction over the state-law claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 18) as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's federal claims are dismissed with prejudice, Plaintiff's state-law claims are dismissed without prejudice, and this matter shall be **TERMINATED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: July 6, 2023                            /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge